Argued February 5, reversed February 23, petition for rehearing denied March 21, 1956

# BUCK *v.* MUELLER

293 P. 2d 736

*E. R. Robnett,* Portland, argued the cause for appellant. With him on the brief were Easley & Whipple, Portland.

*George P. Winslow,* Tillamook, argued the cause for respondent. On the brief were Winslow & Winslow, Tillamook.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PERRY, J.

The plaintiff commenced this action against the defendant to recover damages for breach of a covenant in an executed lease granting him an option to re-lease the property of the defendant.

The defendant demurred to the complaint on the ground that the complaint failed to state a cause of action. The demurrer was sustained by the trial court, and the plaintiff has appealed.

The plaintiff's complaint, insofar as it is pertinent to this opinion, alleges the following:

"V.

"On or about August 1, 1952, and more than 90 days prior to the expiration of said lease, plaintiff exercised his said option to re-lease said premises by notifying defendant in writing of his intention so to do, and offered and attempted to renegotiate the rental for said additional period in good faith, and at all times plaintiff performed all conditions, covenants, terms and provisions of said lease on his part to be performed.

"VI.

"From on or about August 1, 1952, until April 20, 1953, plaintiff made repeated offers, demands

and attempts to renegotiate said rental in good faith for said additional period, but defendant, arbitrarily and capriciously and acting without good faith, refused, failed and neglected to renegotiate said rental, and on February 10, 1953, plaintiff tendered defendant the sum of $100.00 as rental for the period of March 13, 1953 to April 13, 1953, which said tender was refused and returned by defendant, and plaintiff alleges that at the time he exercised his said option and at the expiration of said lease a reasonable rental for said premises according to the going rent and existing conditions at said times does not and did not exceed the sum of $100.00 per month.

## "VII.

"Thereafter, and prior to the expiration of said lease, plaintiff offered to submit the determination of said rental for said additional period to arbitration, as provided in said lease, but defendant, arbitrarily and capriciously and acting without good faith, refused, failed and neglected to submit the same to arbitration, and on or about April 10, 1953, in the Circuit Court of the State of Oregon for the County of Tillamook, defendant brought suit against plaintiff to recover possession of said premises and to recover damages against plaintiff for his alleged wrongful possession thereof from March 13, 1953, at the rate of $200.00 per month, thereby ousting plaintiff and forcing him to vacate said premises and to surrender possession thereof to defendant on or about April 20, 1953.

## "VIII.

"Said acts and omissions of defendant in refusing to renegotiate said rental, in refusing to submit the same to arbitration and in ousting plaintiff from possession of said premises, constitute a breach of said lease, to plaintiff's general damage in the sum of $2500.00."

The lease set out in the complaint provides, among other matters, the following:

"Should first party desire to re-rent the property herein described at the expiration of this lease, then second parties shall have the first privilege of re-renting the same upon terms and conditions then specified by first party.

\* \* \* \* \*

"Second parties shall have an exclusive option to re-lease the property herein mentioned and described for another three year period. Should second parties exercise their option to re-lease said property for said additional three year period second parties shall give first party written notice of their intention to exercise their option at lease [sic] ninety (90) days before the expiration of the term of this lease. Should second parties exercise their option to re-lease said property, the rental for said additional period shall be renegotiated according to the going rent and existing conditions as of that time. Should the parties be unable to agree upon the monthly rental for said additional term, then the amount of said rental shall be determined by a board of arbitration in the usual manner and following the usual custom and procedure, each party selecting one disinterested arbitrator and the two arbitrators selected by the parties, if unable to agree among themselves, to select a third arbitrator or umpire and the decision then of any two of said arbitrators shall be final and binding upon all parties."

The defendant contends that the two clauses above referred to are so repugnant to each other that they cannot be harmonized, and, this being so, the clause in the lease providing that "should first party desire to re-rent the property," etc., appearing first in the lease must prevail over the absolute option clause. If this contention of defendant is sustained, then the plaintiff

has only a qualified right to the first acceptance or rejection of the use of the premises should the lessor desire to re-rent the premises, and no cause of action is stated.

■ We cannot agree with defendant's contention. In *Dellwo v. Edwards*, 73 Or 316, 323, 144 P 441, we stated:

"In construing a written lease, the intent must be gathered from an examination of the whole instrument, and such a construction should be given it, if possible, as will render all its clauses harmonious, so as to carry into effect the actual purpose and intention of the parties as derived therefrom. To give such an instrument a narrow and technical interpretation is contrary to well-settled rules of construction: Harlow v. Lake Superior Iron Co., 36 Mich. 105."

■ The two covenants in the lease refer to different situations. The option clause, if exercised, binds the lessee to a three-year term, the length of which might, when the time came to exercise the option, be deemed by the optionee greater than he desired; while the first clause permits him, should he not exercise the option, the first refusal of the use of the premises should the lessor desire to re-rent upon such terms and for such length of time as might be agreed upon between the parties.

The defendant also seeks to sustain the trial court's ruling upon the demurrer on the ground that the complaint does not set forth facts showing a wrongful eviction of the defendant sufficient to deprive him of the peaceful and quiet enjoyment of the premises.

■ We do not construe the complaint as one seeking damages for breach of the covenant of quiet enjoyment, but as complaining of the breach of the covenant to renew the lease. "An action for damages for the

breach of an agreement for a lease by the other party may be maintained by the lessor or by the lessee, provided the plaintiff is not himself in default.'' 32 Am Jur 53, Landlord and Tenant § 31. See also 3 Thompson, Real Property, (perm ed) 284, § 1212.

This cause is reversed; the order of the trial court is set aside with instructions to overrule the demurrer.